UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint<br><br>Of<br><br>REICON GROUP, LLC<br>As Demise Charterer of the Vessel<br>HUGHES 34 for Exoneration from or<br>Limitation of Liability | 11 Civ. 3523 (GBD) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT
INJUNCTION RESTRAINING ACTIONS AGAINST PETITIONER**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL POSTURE ....................................................... 2

ARGUMENT ..................................................................................................................... 4

    A.    CLAIMANT STIPULATION THAT HE WILL NOT SEEK ENFORCEMENT OF A JUDGMENT IN ANY AMOUNT IN EXCESS OF THE LIMITATION FUND AS DETERMINED BY THIS COURT IS ADEQUATE TO PROTECT THE PETITIONERS RIGHTS ............................................ 6

    B.    A STIPULATION REGARDING THE PRIORITY OF THIRD PARTY CLAIMS IS NOT NECESSARY TO PROTECT THE RIGHTS OF THE PETITIONER WHEN NO THIRD PARTY CLAIMS EXIST AND ARE UNLIKELY TO EVER EXIST ....................................................... 10

    C.    WAIVER OF ISSUE PRECLUSION IS NOT REQUIRED BY COURTS ................................. 11

CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**                               **Page(s)**

*In the matter of the Complaint of Dammers & Vanderheide,*
   660 F. Supp. 153 (S.D.N.Y. 1987) .............................................................................................6, 7

*In re Complaint of North Lubec Manufacturing and Canning Co.,*
   640 F. Supp. 636 (D.Me. 1986) ........................................................................................................8

*In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V. v. Corona,*
   836 F.2d 750 (2d Cir. 1988).................................................................................................. *passim*

*In re Great Lakes Dredge & Dock Co.,*
   162 F.R.D. ....................................................................................................................................7, 8

*In re Island Maritime Services, Inc.,*
   No. 8:10-cv-1632-T-33TGW, 2011 WL 3585937 (M.D. Fla. Aug. 16, 2011) ..........................8

*In re Spirit Cruises, LLC,*
   2011 WL 1838918 (N.D.Ill. May 12, 2011) .........................................................................10, 11

*In re Two "R" Drilling Co.,*
   943 F.2d 576 (5th Cir. 1991) ............................................................................................................8

*Langers v. Green,*
   282 U.S. 531 (1931)....................................................................................................................4, 8

*Lewis v. Lewis & Clark Marine, Inc.,*
   531 U.S. 438 (2001)..............................................................................................................6, 8, 11

**STATUTES**

46 U.S.C. § 30505.................................................................................................................................2

Limitation Act 46 U.S.C. § 30501, *et seq.* .........................................................................................4

**OTHER AUTHORITIES**

FED. R. CIV. P. SUPP. F(7) ............................................................................................................5, 7, 9

Rule 9(h) of the Federal Rules of Civil Procedure...........................................................................2

G. Gilmore & C. Black, *The Law of Admiralty*, § 10-19, at 871 (2nd ed. 1975) ...............................7

Claimant Earl Megahan, a diver who suffered personal injuries as a result of the wrongful acts and omissions of his employer, Reicon Group, LLC's ("Reicon"), moves this Court to lift its injunction restraining all suits so as to permit Mr. Megahan to commence an action in state court against Reicon.

## PRELIMINARY STATEMENT

On December 20, 2011, the parties appeared before this Court for a status conference. In discussing the dispute, the parties agreed the case should proceed in state court while this action was stayed subject to a stipulation. The stipulation would address the terms of lifting the injunction and confirm the issues to be exclusively decided by this Court at a later date should Claimant prevail in state court and its damages exceed the amount of the limitation fund. The Court encouraged the parties to agree on a adequate stipulation or file a motion for relief. Despite Claimant's best efforts, no agreement has been reached more than three months after the court conference. As such, Claimant seeks relief so that its claims may be heard in state court.

Claimant Megahan is prepared to stipulate to five provisions, all of which are well-settled, accepted by courts sitting in admiralty across the country, including the United States Court of Appeals for the Second Circuit. Petitioner has refused to explain why these provisions are unacceptable and has merely submitted its own substitute language. Based on the latest exchange of proposals, only three issues remain to be decided by this Court. Claimant respectfully submits its proposed stipulation strikes the better balance between the protections initially afforded petitioners under the Limitation of Liability Act and the Claimant's right to proceed in state court when it is the sole claimant in a Limitations Act proceeding. Claimant now makes a motion to lift the injunction restraining suits against the Petitioner subject to Claimant's proposed stipulation, attached hereto as Exhibit 1 (the "Stipulation"). Claimant

respectfully submits its Stipulation should be accepted and the injunction lifted such that it may proceed with its claims in state court.

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

On November 4, 2010, claimant Earl Megahan was sent by his employer, petitioner Reicon, to work on a repair job at the pilings at or near pier 59 located at Chelsea Piers New York, New York. Doc #1 (Verified Complaint), ¶ 4; Doc #2 (Claim), ¶ 15. Reicon's base of operations for the repair was the HUGHES 34, a deck spud barge it bareboat chartered. Doc #1, ¶ 3. Mr. Megahan, a skilled diver, was performing repair operations off the HUGHES 34 when multiple negligent actions by Reicon resulted in Claimant sustaining severe and permanent injuries. Doc #2, ¶¶ 15-17.

Twenty days after the diving incident, counsel for Mr. Megahan put Reicon on written notice of injuries suffered by its client and Reicon's legal responsibility for creating a work environment that directly led to Mr. Megahan's injuries. Doc #1, ¶ 4. In response, on May 23, 2011, Reicon filed this proceeding seeking the benefit of exoneration pursuant to 46 U.S.C. § 30505, for claims alleged to be within Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions. Doc. # 1. In the Verified Complaint, Reicon references the notice of claim made against it, stating that other "defendants, it is believe, will make claims against Reicon for indemnification and/or contribution", offered an Ad Interim Stipulation for Value of the HUGHES 34 in the amount of Fifty-Five Thousand Dollars ($55,000.00) plus interest, and sought an injunction to prevent lawsuits before any other court in connection with the November 4 diving incident. Doc. #1, ¶¶ 4, 5, 8, 12, and WHEREFORE clause.

On May 27, 2011, this Court issued an order approving Reicon's stipulation for value, directing issue of notice, restraining suits, and directing the filing of claims. Doc. # 3. Pursuant to the order, all claims against Reicon in connection with the November 4 diving incident were required to be made on or before July 12, 2011. Doc. #3. Mr. Megahan timely filed his Answer to Reicon's Verified Complaint and his Claim on July 12, 2011. Doc. # 8.

On December 20, 2011, a preliminary hearing was held in this matter. Affirmation of Christopher R. Nolan dated April 13, 2012 ("Nolan Aff."), ¶ 3. This Court and counsel for the Petitioner both recognized that this dispute should proceed in state court:

> THE COURT: Well, Mr. Blomquist, it seems to me you have to go to state court at some point in any event. I'm not sure what you say the efficient way is to proceed on this single claim.
>
> MR. BLOMQUIST: I'm not disagreeing with you about that, your Honor, but, you know, we need to go through the motion process here.

Nolan Aff. ¶ 3, Ex. A, Transcript pg. 12, lines 15-22; see also p. 15 lines 8-16. Counsel for Petitioner stated it was imperative that the stipulation address Reicon's right to limit liability to the value of the vessel. Both the Court and counsel for Reicon agreed this request was reasonable and would be incorporated into the stipulation. Nolan Aff. ¶ 4. The Court then directed the parties to discuss a stipulation to lift the injunction restraining actions against Petitioner. Nolan Aff. ¶ 5. The parties exchanged proposed stipulated provisions but an agreement could not be reached. Nolan Aff. ¶¶ 6-11.

To date, Mr. Megahan is the only person to file a Claim against Reicon. Nolan Aff. ¶ 12. Despite Reicon's concerns as set out in its Verified Complaint, no party has filed an indemnity and/or contribution claim against it. *Id*. Mr. Megahan has not filed any action or claim against any party besides Reicon before this Court or in any other court. *Id*.

#10521227_v2

## ARGUMENT

Claimant Meghan is the single claimant in this limitations proceeding. Lifting the stay so that he can file suit in state court is consistent with Supplemental Rule F and Supreme Court jurisprudence. *See Langers v. Green*, 282 U.S. 531, 541 (1931) (establishing the single claimant exception noting that "to retain the cause [in federal court] would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties"). In the Second Circuit, when a single claimant seeks to bring an action in an amount exceeding the limitation fund, "the district court <u>must</u> lift the stay against other proceedings if that claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability." *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V. v. Corona*, 836 F.2d 750, 755 (2d Cir. 1988) (emphasis added). Consistent with this precedent, this Court and counsel for both parties recognized that this dispute should proceed in state court subject to the necessary stipulation.

Mr. Megahan is prepared to stipulate to the following provisions: (1) the exclusive jurisdiction of this Court with respect to all limitation of liability issues pursuant to the Limitation Act 46 U.S.C. § 30501, *et seq.;* (2) that this Court has exclusive jurisdiction to determine the value of the limitation fund; (3) to waive any claim(s) of *res judicata* relevant to issues of limitation based on any state court judgment; (4) to file suit in state court against Petitioner only, and no other person, party, or entity whatsoever; and (5) that should a judgment be obtained in state court against Petitioner, and should this Court determine Petitioner is entitled to limitation of liability, Claimant will not seek enforcement of the state court judgment in excess of the value of limitation fund as determined by this Court. *See* Exhibit 1. Although Claimant's

proposed provisions have been accepted by courts sitting in admiralty across the country including the Second Circuit, Petitioner has refused to explain why these provisions are unacceptable and has merely submitted its own substitute language. Nolan Aff. ¶ 10.

Based on the latest exchange of proposals, the parties have not reached agreement on three issues. Nolan Aff. Exs. B & C. First, the scope of provision (3) above, where Petitioner seeks to have Claimant waive claims of res judicata *and issue preclusion* though there is no basis in the general maritime law for waiver of issue preclusion. Second, per provision (5) above, Petitioner demands the exact amount of the limitation fund be noted at $55,000, the amount of the original bond, and no judgment obtained in excess of that number despite there again being no reason or legal basis in the general maritime law for conceding the Petitioner's proffer of the value of the vessel was correct at this time. Ironically, the limitation fund is already in excess of $55,000 when accounting for interest on the bond so stipulating to this specific amount would be factually inaccurate. And should Claimant seek to challenge the value of the Vessel at a later date, per its right under Supplemental Rule F(7), the exact amount of the fund will be whatever this Court says it should be at that time. Finally, Petitioner demands a third-party claim contribution and indemnification provision be inserted as the last provision despite there being no third-parties in this case and Claimant confirming per provision (4) above that it will not be suing another party. At least one court has recognized there is no need for such a prophylactic provision when no third-parties have been joined in the case.

Though there are no magic words to include in the stipulation, it is well-settled that a sufficient stipulation should include an acknowledgement that the claimant has filed a claim in the limitations proceeding, that any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court is waived, and concede to the petitioner's right

5

to litigate all issues relating to limitation in the limitations proceeding in federal court. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451-52 (2001); *In re Dammers*, 836 F.3d at 758. Claimant's proposed Stipulation meets the requirement of *Lewis* and *Dammers* to protect the Petitioner's rights under the Limitation Act. Claimants will address the three issues in order of the most significant changes to the stipulation: (A) the fund limitation language; (B) the third-party provision; and (C) the inclusion of an issue preclusion waiver.

### A. *Claimant Stipulation That He will not Seek Enforcement of a Judgment in Any Amount in Excess of the Limitation Fund as Determined by This Court is Adequate to Protect the Petitioners Rights.*

Petitioner proposed stipulation suggests that Claimant must not only stipulate that he will not seek to enforce a state court judgment in excess of the value of the limitation fund as determined by this court, but that Claimant must at this point also stipulate to the specific value of the fund. *Compare* Nolan Aff. Ex. C ¶ 5 (Petitioner's Proposed Stipulation) *with* Exh. 1 ¶ 5/Nolan Aff. Ex. B ¶ 5 (Claimant's Proposed Stipulation). Claimant maintains that, in order to protect Petitioner's rights, he need only stipulate that he will not seek the enforcement of a judgment in any amount in excess of the limitation fund as determined by this Court. This is exactly what Petitioner requested at the court conference. Nolan Aff. ¶ 5.

In *In the matter of the Complaint of Dammers & Vanderheide*, 660 F. Supp. 153 (S.D.N.Y. 1987), the district court relied on a four part test to address the form of a limitation stipulation:

> [A] single claim plaintiff who wishes to prosecute a common law action after the shipowner has filed a petition for limitation must
>
> a) file his claim in the limitation proceeding;

> b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;
>
> c) consent to waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court;
>
> d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

*In re Dammers*, 660 F. Supp. at 156 (citing G. Gilmore & C. Black, *The Law of Admiralty*, § 10-19, at 871 (2nd ed. 1975)). With respect to subsection (b), the Second Circuit criticized this test in so far as it requires a claimant to concede at the infancy of the case the sufficiency of the limitation fund:

> There is disagreement in the cases as whether a claimant seeking leave to pursue remedies in other forums must concede the sufficiency of the security offered by the shipowner. (Citations omitted). Although the Gilmore & Black treaties relies heavily on Second Circuit precedent in forging the four-part test... courts ... argue that those Second Circuit cases do not necessarily stand for the proposition that such a concession ought to be an absolute prerequisite to allowing a claimant to proceed in other forums. Moreover, Fed.R.Civ.P Supplemental Rule F(7) explicitly grants claimants the right to contest the valuation of security offered by the shipowner in a limitation proceeding. ... Although we need not decide this question today, we wish to make it clear that we are not endorsing all aspects of the four-part test employed by the district court. Specifically, we reserve judgment as to part (b) of that test.

*In re Dammers*, 836 F.3d at 758, n. 7.

Citing *Dammers*, the District Court for the Middle District of Florida lifted its order restraining suits under a single claimant exception without requiring the claimant to stipulate to the adequacy of the limitation fund or a specific dollar amount (exactly $147,000). for that matter. *See In re Great Lakes Dredge & Dock Co.*, 162 F.R.D. at 165. Similar to the case at bar, *Great Lakes* involved a single claimant who was injured on the petitioner's barge. *Id.* 161-62.

Petitioner filed for limitation and posted a surety in the amount of the value of the barge. *Id.* The limitation was granted and the claimant filed his claim in district court and then moved to modify the order restraining suits so that he could proceed with his claim in Florida state court. *Id.* Along with that motion the claimant submitted a stipulation very similar to the stipulation Mr. Megahan has submitted with this motion. The petitioner challenged the stipulation on the grounds that it did not concede the sufficiency of the petitioner's stipulation for value of the limitation fund. *Great Lakes*, 162 F.R.D. at 165.

Citing *In re Dammers*, the court rejected petitioner's argument and held that the stipulation was sufficient because it conceded to the district court's full and exclusive jurisdiction to determine the proper value of the limitation fund. *Id.* The court noted that other courts "have held a stipulation to be sufficient if it concedes the issue of the limitation fund amount will be litigated exclusively before the admiralty court," regardless of whether the adequacy of the limitation fund was stipulated or not. *Id.* (citing *In re Two "R" Drilling Co.*, 943 F.2d 576, 578 (5th Cir. 1991); *In re Complaint of North Lubec Manufacturing and Canning Co.*, 640 F. Supp. 636, 640-41 and n.6 (D.Me. 1986)). Just last year, another limitation stipulation was approved by a court where the claimant was not required to concede the sufficiency of the fund but instead indicated the district court "would determine the value of the vessel" at the appropriate time. *See In re Island Maritime Services, Inc.*, No. 8:10-cv-1632-T-33TGW, 2011 WL 3585937, at *2 (M.D. Fla. Aug. 16, 2011).

The practical approach followed in the foregoing cases, and supported in dicta by the Second Circuit in *In re Dammers*, makes sense when the purpose of the single claimant exception is considered. The single claimant exception was developed to ease the tension between the Savings to Suitors clause and the Limitation Act. *Langers*, 282 U.S. at 534.

8

#10521227_v2

Allowing a single claimant to proceed with his claim in state court preserves the claimant's right to common law remedies and the state court's concurrent jurisdiction over some admiralty and maritime claims. *Lewis*, 531 U.S. at 445. Requiring the claimant to stipulate to the district court's full and exclusive jurisdiction of issues relating to the limitation amount preserves the shipowner's right to limitation. *Lewis*, 531 U.S. at 451. But requiring a claimant to stipulate to the adequacy of the limitations fund now does nothing to further protect the rights of a shipowner under the Limitation Act when it has already been stipulated that the district court will maintain exclusive jurisdiction over the limitations proceeding and in particular the valuation of the vessel or vessels at issue. *See In re Dammers,* 836 F.3d at 658, n 7.

As noted by the Second Circuit in *In re Dammers*, the claimant always maintains a process by which to challenge the limitation amount pursuant to FED. R. CIV. P. SUPP. F(7). *Id.* A claimant should not be forced to surrender this right now in order to exercise his rights under the Saving to Suitors clause when he has already fully submitted to the jurisdiction of the district court for all matters concerning the limitation amount. Moreover, should the state court rule in favor of Petitioner, or Claimant's damages are found by the state court to be below the limitation fund, there may well never be a need for contesting the sufficiency of the limitation fund. No good purpose is served by expending the judicial resources of this Court at this time to address the sufficiency of the limitation fund now. Claimant's fifth provision, confirming he will not seek enforcement of a judgment in any amount in excess of the limitation fund as determined by this Court, is adequate to protect the Petitioner's rights.[1]

---

[1] Petitioner's demand to state the limitation fund is $55,000 and $55,000 only is not even consistent with the current state of the limitation fund. In the second "AND" paragraph of the Court's Order Approving Plaintiff's Stipulation for Value, Directing Issue of Notice And Restraining Suits And Directing The Filing of Claims, it provides, "AND the petitioner having filed with the Court security in the form of a bond in the amount of $55,000.00 for the benefit of claimants, pursuant to an Ad Interim Stipulation for Value, executed on May 18, 2011, equal to the amount of value of Petitioner's interest in said vessel, <u>with interest at six percent (6%) per annum from the date hereof</u>." Docket # 1 (Emphasis added). When accounting for interest, the limitation fund already exceeds $55,000.

    **B.**    ***A Stipulation Regarding the Priority of Third Party Claims is not Necessary to Protect the Rights of the Petitioner When no Third Party Claims Exist and are Unlikely to Ever Exist***

Petitioner proposed that Claimant stipulate "that any claims of a third-party for indemnification or contribution in any state court or other proceeding shall have irrevocable priority over the claim of Claimant Earl Megahan." Nolan Aff. Ex. C ¶ 6. Such a stipulation is not necessary to protect the Petitioner's rights because no third party claims exist.

The time to file claims against the Petitioner in this limitation proceeding has expired. To date there are no other claims against the Petitioner arising under the facts and circumstances of this limitation proceeding, nor would one expect there to be. Claimant was the only party injured. Furthermore, Claimant stipulates that he will not bring suit against any other person, party, or entity whatsoever. *See* Exh. 1 4/Nolan Aff. Ex. B ¶ 4 (Claimant's Proposed Stipulation). There is no basis for Petitioner to suspect that there will be any third party claims for indemnification or contribution, or any other claims, related to this matter.

Last year, the Northern District of Illinois addressed the adequacy of a stipulation where the claimant did not concede or agree to the priority of third party claims for indemnification or contribution. *See In re Spirit Cruises, LLC*, 2011 WL 1838918, *5, 10-cv-5438 (N.D.Ill. May 12, 2011). The likelihood of a third party claim in *In re Sprit Cruise* was greater than it is in this matter because the claimant did not stipulate that it would not file suit against any other person, party, or entity. *Id.* *1. Nevertheless, the court noted claimant had not filed any claims against any other party and no third party claims presently existed. *Id.* *5. The court held that the claimant's stipulation was adequate, reasoning that a claimant cannot be expected to prioritize claims when no other claim exists. *Id.*

Claimant notes the stipulation in *In re Dammers* did include a priority provision. 836 F.3d at 758. However that case is distinguishable because, at the time the stipulation was submitted the claimant had already instituted other state court actions against the builder, charterer and architect of the petitioner's vessel. *Id.* at 753. The Claimant in this matter has not instituted any other actions arising from the incident or his injuries and stipulates that he will only file suit against Reicon in state court should the injunction be lifted. In this matter, as in *In re Spirit Cruises*, the Claimant cannot be expected to prioritized claims that do not exist, and are unlikely to ever exist.

### C.   *Waiver of Issue Preclusion Is Not Required By Courts*

Supreme Court and Second Circuit precedent only require the Claimant to waive any claim of *res judicata* relevant to the issue of limited liability. *Lewis*, 531 U.S. at 451-52; *In re Dammers*, 836 F.3d at 758. Claimant is ready to stipulate to the *res judicata* waiver as well. *See* Exh. 1 ¶ 3/Nolan Aff. Ex. B ¶ 3 (Claimant's Proposed Stipulation). In the event there is a specific issue in connection with Claimant's claim and it is decided in state court, there may well be no need to re-litigate that issue. But to claim *res judicata* relevant to the issue of limited liability under the Limitation Act for any judgment obtained in state court would be improper and Claimant has stipulated it will not seek this type of relief. Petitioner has provided no legal basis for demanding issue preclusion waiver as well.

## **CONCLUSION**

For all the reasons stated above, Claimant Earl Megahan respectfully requests this Court accept Claimant's Stipulation and grant its motion to lift the injunction restraining actions against Reicon and such other relief the Court deems just and proper.

Dated: April 13, 2012
      New York, New York

                        Respectfully submitted,

                        By: ___/s/ Christopher R. Nolan_____

                              Thomas A. Boyle Jr. Esq.
                              John C. Dearie and Associates
                              515 Madison Avenue, Suite 1118
                              New York, NY  10022
                              tb@johndearie.com
                              Telephone: 212-980-0404
                              Facsimile: 212-980-0555

                              Holland & Knight LLP
                              Christopher Nolan, Esq.
                              F. Robert Denig., Esq.
                              31 West 52nd Street, 13th Floor
                              New York, NY  10019
                              chris.nolan@hklaw.com
                              Telephone: 212-513-3307
                              Facsimile: 212-385-9010

                              Attorneys for Claimant Earl Megahan

#10521227_v2

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint<br><br>Of<br><br>REICON GROUP, LLC<br>As Demise Charterer of the Vessel<br>HUGHES 34 for Exoneration from or<br>Limitation of Liability | 11 Civ. 3523 (GBD)<br><br>**STIPULATION OF CLAIMANT TO LIFT INJUNCTION RESTRAINING ACTIONS AGAINST PETITIONER** |

**WHEREAS**, on or about May 23, 2011, PETITIONER REICON GROUP, LLC filed an action pursuant to the Limitation of Liability Act, 46 U.S.C. § 30505 (previously codified at 46 U.S.C. §183 *et seq.*) in connection with a November 4, 2010 incident;

**WHEREAS**, on May 27, 2011, Petitioner Reicon Group, LLC obtained an order from the Honorable George B. Daniels, United States District Court, Southern District of New York, which *inter alia* established the limitation fund by approving the Stipulation for Value of the HUGHES 34 and restrained all suits related to the incident for which Petitioner Reicon Group, LLC filed for limitation;

**WHEREAS**, on July 12, 2011, claimant EARL MEGAHAN, filed his Claim in the limitations proceeding on the deadline date for all claims as set by the Court;

**WHEREAS**, on December 20, 2011, the parties attended a court conference where the Court encouraged the parties to meet and confer concerning the submission of an agreed-upon Stipulation by Claimant Earl Megahan, and

**PROVIDED** the Court lifts its injunction of May 27, 2011, to permit Claimant Earl Megahan to pursue its claim against Petitioner outside the limitation proceedings in state court, the undersigned Claimant Earl Megahan, stipulates and agree as follows:

1.      That Claimant Earl Megahan concedes and agrees that the United States District Court for the Southern District of New York has exclusive jurisdiction over all limitation of liability issues pursuant to the provisions of 46 U.S.C. § 30501, *et seq.*, which arose from the incident involving Clamant Earl Megahan and the vessel HUGHES 34 during the course of his employment with Petitioner Reicon Group, LLC, on November 4, 2010.

2.      That Claimant Earl Megahan concedes and agrees that the United States District Court for the Southern District of New York has exclusive jurisdiction to determine the value of the limitation fund.

3.      That Claimant Earl Megahan concedes and agrees to waive any claim(s) of *res judicata* relevant to the issue of limited liability based on any judgment obtained in state court or other proceeding.

4.      That Claimant Earl Megahan concedes and agrees to file suit in state court against Petitioner Reicon Group, LLC, and no other person, party, or entity whatsoever.

5.      That Claimant Earl Megahan concedes and agrees that should a judgment be obtained in any state court or other proceeding by Claimant Earl Megahan against Petitioner Reicon Group, LLC, or any other liable parties who may cross-claim or claim against Petitioner Reicon Group, LLC, and should this United States District Court for the Southern District of New York determine that Petitioner Reicon Group, LLC is entitled to limit its liability, in no event will Claimant Earl Megahan seek an amount beyond the value of the limitation fund as determined by the United States District Court for the Southern District of New York.


Dated: April ___, 2012
       New York, New York


_____
Earl Megahan

3